U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

OCT 24 2017

FILED

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:17-cr- 149-01-JD |
| | ) | |
| MATTHEW RIEHL | ) | |
| | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, the United

States of America by its attorney, John J. Farley, the Acting United States Attorney for the

District of New Hampshire, and the defendant, Matthew Riehl, and the defendant's attorney,

Philip H. Utter, Esquire, enter into the following Plea Agreement:

   1.  <u>The Plea and the Offense</u>.

The defendant agrees to waive his right to have this matter presented to a Grand Jury and

agrees to plead guilty to Count One of the Information which charges him with the sexual

exploitation of children in violation of 18 U.S.C.§ 2251(a). The defendant also understands that

although the Information to which he is pleading guilty contains one count it refers to multiple

individual victims and as such could be found to be duplicitous, that is, charging more than one

offense in a single count. The defendant agrees to waive any claim of defect in that regard and

waives any right he may have to challenge the Information as being duplicitous.[1]  In exchange

for the defendant's guilty plea, the United States agrees to refrain from bringing other charges.

---

[1] "Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Verrecchia*, 196 F.3d 294, 297 (1st Cir. 1999) (quoting *United States v. Martinez Canas*, 595 F.2d 73, 78 (1st Cir.1979). A defendant may waive challenges to the multiplicity of an indictment. *See United States v. Walker*, 665 F.3d 212, 228 (1st Cir. 2011).

–1–

2.   The Statute and Elements of the Offense.

Title 18, United States Code, Section 2251(a), provides in pertinent part:

> Any person who employs, uses persuades, induces, entices, or coerces any minor
> to engage in . . . any sexually explicit conduct for the purpose of producing any
> visual depiction of such conduct, shall be punished under subsection (e), if such person
> knows or has reason to know that such visual depiction will be transported in interstate
> or foreign commerce or mailed, if that visual depiction was produced using material that
> have been mailed, shipped, or transported in interstate or foreign commerce by any
> means, including by computer, or if such visual depiction has actually been
> transported in interstate or foreign commerce or mailed.

The defendant understands that the offense has the following elements, each of which the

United States would be required to prove beyond a reasonable doubt at trial: (1) the defendant

knowingly employed, used, persuaded, induced, enticed, or coerced a person under 18 years of

age to engage in sexually explicit conduct; (2) the defendant's purpose in employing, using,

persuading, inducing, enticing, or coercing the person under 18 years of age to engage in

sexually explicit conduct was to produce a visual depiction of the conduct; and (3) the defendant

produced the visual depiction using materials that had been shipped or transported in interstate

commerce or foreign commerce or such visual depiction has actually been transported in

interstate or foreign commerce or mailed.

3.   Offense Conduct.

The defendant stipulates and agrees that if this case proceeded to trial, the government

would prove the following facts through competent evidence, and that those facts would prove

each of the elements of the offense beyond a reasonable doubt:

At times material to the Information, the defendant lived in Goffstown, NH and worked

as the Junior Varsity Basketball Coach at Goffstown, NH High School and assisted coaching the

Boys Baseball Team at the Mountain View Middle School. The evidence establishes that

–2–

defendant used several social media accounts to communicate with his victims, including
Instagram (located in Menlow Park, California), Snapchat (located in Venice, California) and
KIK Messenger (located in Waterloo, Ontario, Canada).

While posing as a teenage girl, the defendant reached out through his social media
accounts to his victims, and others, many of whom were boys under the age of 18 on one of the
sports teams the defendant coached, and who he personally knew. After engaging his victims in
conversation he persuaded, induced, enticed, and coerced the boys to take pictures of themselves
and then send them to him. In order to do so, the defendant said things to his victims, including,
"How's ur body;" "Can I be the judge;" "Did I get u hard;" "Prove it then I'll lose the bra;" "Send
then my bra comes off;" "Send from camera or I'm leaving;" "I like full body;" "Send full body;"
"Send full body then I will;" and"Take ur shirt off so ur naked thrn I'll be nude too." The
defendant also sent sexually suggestive pictures of a young female that he represented was
"herself." Some of the boys sent pictures that were not sexually explicit and the defendant
worked to convince them to take pictures depicting sexually explicit conduct as that term is
defined at 18 U.S.C. § 2256(2)(A)(v), "the lascivious exhibition of the genitals or pubic area of
any person." One of the ways the defendant was able to obtain the pictures he wanted was
through coercion, threatening to post on social media certain pictures a victim had already sent
unless the victim sent more sexually explicit photographs.

On August 31, 2016, a search warrant obtained in the 9th District Division Goffstown
Court was executed at the defendant's residence in Goffstown. During the execution of that
search, the defendant's Apple iPhone 6 was seized. A forensic examination of that device was
conducted and approximately 500 photographs of minor boys, in various states of dress, were

–3–

recovered. Numerous of those photographs were identified to be minor boys who were members of one of the two sports teams referenced above that the defendant coached.

Victims who sent pictures to the defendant would testify that they took the pictures with their cell phones at the direction of the person they thought was a girl, but was in fact the defendant, and that they then sent the pictures from their cell phones. The evidence would establish that the pictures were produced using materials that had been shipped and transported in and affecting interstate and foreign commerce, and were transported using any means and facility of interstate and foreign commerce, and were transported in and affecting interstate and foreign commerce. The evidence would also prove that the pictures are child pornography, in that they are of minor boys under the age of 18 and constitute "the lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(iii).

Additionally, while at the search scene and not in custody, and after being advised of his Miranda rights and expressing an understanding of those rights, the defendant agreed to waive those rights and consented to be interviewed. During that interview, the defendant admitted that he had posed as the young woman the boys thought they were dealing with and that he had caused the boys to take the pictures and send them to him.

4.  Penalties, Special Assessments and Restitution.

The defendant understands that the penalties for the offense are:

A.  A mandatory minimum prison term of fifteen (15) years and a maximum prison term of thirty (30) years, see 18 U.S.C. § 2251(e);

B.  A maximum fine of $250,000, see 18 U.S.C. § 3571; and,

C.  A term of supervised release of any number of years but not less than five years, see 18 U.S.C. 3583(k).

The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release (18 U.S.C. § 3583).

The defendant understands that he will be subject to a mandatory special assessment of $100 for the count of conviction, which the defendant agrees to pay at or before the time of sentencing, and an additional special assessment in the amount of $5,000, unless he is found to be indigent, pursuant to 18 U.S.C. § 3014(a)(3).

The defendant also understands that in addition to the penalties provided by law, pursuant to 18 U.S.C. § 2259(a), the Court is required to order restitution for the full amount of the victims' compensable losses, as defined at 18 U.S.C. § 2259(b)(3) and(c) and as may be proved by the United States or stipulated to by the parties. The defendant acknowledges that the Court may not decline to award restitution because of the defendant's economic circumstances or the fact that the victims have, or are entitled to, receive compensation for their injuries from the proceeds of insurance or any other source.  Additionally, the Court may also order the defendant to pay restitution to the victims of the offense pursuant to 18 U.S.C. § 3663 and/or § 3663A.

5.   Sentencing and Application of the Sentencing Guidelines.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines to evaluate the reasonableness of the parties' plea agreement (U.S.S.G. § 6B1.2(c)). The defendant further understands that he has no right to withdraw from this Plea Agreement if the applicable advisory

–5–

guideline range or his sentence is other than he anticipated.

The defendant also understands that the United States and the United States Probation Office shall:

      A.     Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

      B.     Respond to questions from the Court;

      C.     Correct any inaccuracies in the pre-sentence report;

      D.     Respond to any statements made by him or his counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range under the advisory Sentencing Guidelines that he may have received from any source is only a prediction and not a promise as to the actual sentencing range under the advisory Sentencing Guidelines that the Court will adopt.

     6.  <u>Sentencing Agreement</u>.

The parties have no agreements regarding the sentence to be imposed or the applicability of guideline enhancements or reductions. The parties are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

–6–

7.   <u>Acceptance of Responsibility</u>.

The United States agrees that it will not oppose an appropriate reduction in the

defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the

defendant's apparent prompt recognition and affirmative acceptance of personal responsibility

for the offense. The United States, however, may oppose any adjustment for acceptance of

responsibility if the defendant:

A.   Fails to admit a complete factual basis for the plea at the time he is
sentenced or at any other time;

B.   Challenges the United States' offer of proof at any time after the plea is
entered;

C.   Denies involvement in the offense;

D.   Gives conflicting statements about that involvement or is untruthful with
the Court, the United States or the Probation Office;

E.   Fails to give complete and accurate information about his financial status
to the Probation Office;

F.   Is found by the Court to have obstructed justice under U.S.S.G. § 3C1.1;

G.   Has engaged in conduct prior to signing this Plea Agreement which
reasonably could be viewed as obstruction or an attempt to obstruct
justice, and has failed to fully disclose such conduct to the United States
prior to signing this Plea Agreement;

H.   Fails to appear in court as required;

I.   After signing this Plea Agreement, engages in additional criminal conduct;
or,

J.   Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any

of the reasons listed above, the United States does not recommend that he receive a reduction in

his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States in the investigation or prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8.    Waiver of Trial Rights and Consequences of Plea.

The defendant understands that by pleading to an Information, the defendant waives his right to have the government proceed by an Indictment based on the action of the grand jury. The defendant represents that he has discussed proceeding via Information with his counsel and has voluntarily, knowingly and intelligently chosen to waive his right to an Indictment. The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him. The defendant also understands that he has the right:

A.    To plead not guilty or to maintain that plea if it has already been made;

B.    To be tried by a jury and, at that trial, to the assistance of counsel;

C.    To confront and cross-examine witnesses;

D.    Not to be compelled to provide testimony that may incriminate him; and

E.    To compulsory process for the attendance of witnesses to testify in his defense.

–8–

The defendant understands and agrees that by pleading guilty he waives and gives up the foregoing rights and that upon the Court's acceptance of his guilty plea, he will not be entitled to a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers will be used against him in a prosecution for perjury or making false statements.

9.   Acknowledgment of Guilt; Voluntariness of Plea.

The defendant understands and acknowledges that he:

A.   Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because he is guilty;

B.   Is entering into this Plea Agreement without reliance upon any promise of benefit of any kind except as set forth in this Plea Agreement or revealed to the Court;

C.   Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D.   Understands the nature of the offense to which he is pleading guilty, including the penalties provided by law; and

E.   Is completely satisfied with the representation and advice received from his undersigned attorney.

10.   Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from his guilty plea. The defendant understands

–9–

such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11. Collateral Consequences.

The defendant understands that as a consequence of his guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

The defendant further understands that by pleading guilty, the defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release

−10−

pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised

release, he will be subject to federal and state sex offender registration requirements. The

defendant understands that he shall keep his registration current, shall notify the state sex

offender registration agency or agencies of any changes to defendant's name, place of residence,

employment, or student status, or other relevant information. The defendant shall comply with

requirements to periodically verify in person his sex offender registration information. The

defendant understands that he will be subject to possible federal and state penalties for failure to

comply with any such sex offender registration requirements. The defendant further understands

that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies

upon his release from confinement following supervision.

    12.   Satisfaction of Federal Criminal Liability; Breach.

    The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal

liability in the District of New Hampshire and District of Massachusetts arising from his

participation in the conduct that forms the basis of the information and relevant conduct in this

case. The defendant understands that if, before sentencing, he violates any term or condition of

this Plea Agreement, engages in any criminal activity, or fails to appear for sentencing, the

United States may consider such conduct to be a breach of the Plea Agreement and may

withdraw therefrom.

    13.   Waivers.

    A.     Appeal.

    The defendant understands that he has the right to challenge his guilty plea and/or

sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and

–11–

voluntarily waives his right to challenge on direct appeal:

1.     His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and

2.     All aspects of the sentence imposed by the Court if within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement which the Supreme Court or First Circuit have decided should apply retroactively; or on the ground of ineffective assistance of counsel.

B.     Collateral Review

The defendant understands that he may have the right to challenge his guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255. By entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally challenge:

1.     His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and

2.     All aspects of the sentence imposed by the Court if within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel. The defendant's waiver of his right to collateral review also does not operate to waive a collateral challenge based on new legal principles

–12–

enunciated in Supreme Court or First Circuit case law decided after the date of this Plea
Agreement which the Supreme Court or First Circuit have decided should apply retroactively.

    C.     Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a
representative, to request or receive from any department or agency of the United States any
records pertaining to the investigation or prosecution of the case underlying this Plea Agreement,
including without limitation any records that may be sought under the Freedom of Information
Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

    D.     Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the
Government to pursue an appeal as authorized by law.

14.  No Other Promises.

The defendant acknowledges that no other promises, agreements, or conditions have been
entered into other than those set forth in this Plea Agreement or revealed to the Court, and none
will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

15.  Final Binding Agreement.

None of the terms of this Plea Agreement shall be binding on the United States until this
Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by
the United States Attorney for the District of New Hampshire, or an Assistant United States
Attorney.

16.  Agreement Provisions Not Severable.

The United States and the defendant understand and agree that if any provision of this

−13−

Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

Date: 10/24/17

John J. Farley
Acting United States Attorney

By: _____

Arnold H. Huftalen
Assistant U.S. Attorney
NH Bar #1215
53 Pleasant St., 4th Floor
Concord, NH 03301
(603) 225-1552
arnold.huftalen@usdoj.gov

_____

Georgiana L. Konesky
Assistant U.S. Attorney
Massachusetts Bar # 685375
53 Pleasant St., 4th Floor
Concord, NH 03301

    The defendant, Matthew Riehl, certifies that he has read this 14-page Plea Agreement and that he fully understands and accepts its terms.

Date: 10/24/17

_____
Matthew Riehl, Defendant

    I have read and explained this 14-page Plea Agreement to the defendant, and he has advised me that he understands and accepts its terms.

Date: 10/24/17

_____
Philip H. Utter, Esq.
Attorney for Matthew Riehl

—14—