UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA  )
                                           )
               v.               )       Criminal No:  1:17-CR-00149-JD
                                           )
MATTHEW RIEHL           )

## DEFENDANT'S SENTENCING MEMORANDUM
## AND REQUEST FOR DOWNARD VARIANCE

      Defendant, Matthew Riehl, through his counsel, Philip H. Utter, files this

sentencing memorandum and respectfully requests the Court sentence him below

the advisory sentencing guidelines to 180 months at the Bureau of Prisons with

ten years of supervised release to follow.  The defendant submits such a sentence

is sufficient, but not greater than necessary, to effectuate the purposes of the

sentencing statute, 18 U.S.C. § 3553(a)(2).

## INTRODUCTION

      Mr. Riehl pled guilty to one count of producing child pornography contrary to

18 U.S.C. § 2251(a).  The maximum penalty is not more than 30 years

imprisonment and up to a $250,000 fine.  There is a mandatory minimum penalty

of 15 years and the offense is a class B felony.  The defendant has been

incarcerated on this charge since he entered his plea of guilty on October 24,

2017.

## ADVISORY GUIDELINE SENTENCING RANGE

      Matt has no criminal history placing him in criminal history category 1.  The

Probation Officer has calculated his total offense level after a three level reduction

for acceptance of responsibility to be 43.  The advisory guideline sentencing range for criminal history category 1 and total offense level 43 is life.  As the statutory maximum is 30 years, the guideline range must be 360 months.  The defendant, to some degree, disagrees with this calculation.

## GUIDELINE APPLICATION DISPUTES

After completion of the Final Presentence Report, there remain two unresolved issues regarding the correct guideline calculation in this case.  After further review, Mr. Riehl concedes that U.S.S.G. § 4B1.5(b)(1) is properly applied by the Probation Officer.  Therefore, the defendant submits that this issue is resolved.  However, as evidenced under the request for a variance, the defendant argues that the Court should vary from the official guideline calculation for the reasons stated later in this memo.

The defendant continues to assert that U.S.S.G. § 2G2.1(b)(2)(a) should not be applied as a specific offense characteristic used in the calculation of the guideline range.  Some of the pictures forming the basis of the defendant's illegal conduct include pictures of a minor touching his own penis.  The Presentence Report cites U.S. v. Aldrich, 566 F.3d 976 (11th Cir. 2009) in support of the conclusion that sexual contact under this guideline section includes the act of masturbating.  *See* Paragraph 4 of the Probation Officer's response to the defendant's objections.  In Aldrich, the defendant sent images of himself masturbating via webcam to an individual purporting to be the age of 15.  Aldrich at 978.  In contrast, the case at bar specifically does not include the exchange of videos regarding masturbation.  *See* Presentence Report, Footnote 2.  The

2

defendant submits that the mere touching of one's penis does not rise to the level of sexual contact as defined in 18 U.S.C. § 2246(3). That definition specifically requires the intentional touching with the subsequent necessary intent. It is axiomatic that the act of masturbation would meet the definition of § 2246(3). The <u>Aldrich</u> case does not address the specific facts as they exist in Mr. Riehl's case. Counsel was unable to locate any other helpful precedent on the issue. A review of the pictures may ultimately be needed to assist the Court in deciding the issue. Counsel submits that the pictures in question cannot meet the intentional requirement of the statutory definition.

The Presentence Report concludes that the base offense level with acceptance of responsibility should be 45, but must be ultimately determined to be 43 by operation of law. The defendant's calculation of the official guideline range also is a base offense level of 43 as the elimination of the sexual contact enhancement provision only serves to reduce the base level to 43 as a true number as opposed to one achieved because the calculated level exceeds level 43. Therefore, regardless of how the Court rules on the defendant's objection, the base offense level will be the same.

## **DOWNWARD VARRIANCE**

The defendant asks the Court to grant a downward variance in this matter and impose a non-guideline sentence of 180 months, the mandatory minimum sentence to the offense to which Mr. Riehl pled guilty. As grounds for the variance, the defendant puts forth a combination of arguments.

3

1.  <u>Use of Computer or Other Device Pursuant to U.S.S.G. § 2G2.1(b)(6)(B)
should not be considered</u>

The defendant asks this Court to consider recognizing that the two level
increase under the specific offense characteristics for the use of computer does
not actually indicate any specific aggravating characteristic or risk that this
defendant poses.  Specifically, the use of a computer is now so common in child
sexual exploitation cases that the Court should find that the application of that
specific characteristic unnecessarily increases the advisory guideline range.

2.  <u>U.S.S.G. § 4B1.5</u>

In the calculation of the guidelines in this offense, a five level increase is
imposed pursuant to the cross-reference of § 2G2.1(d) to Chapter 3, Part D,
multiple counts.  Specifically, Mr. Riehl's guideline calculation is increased by five
levels because even though he is only charged and convicted of one count of child
pornography, the guidelines require that all uncharged victims also be counted as
so-called pseudo counts.  This additional five levels serves to increase the base
offense level to level 41 (under the defendant's calculations).  When U.S.S.G. §
4B1.5 is applied, he then receives an additional five levels for engaging in a
pattern of activity involving prohibited sexual conduct.

The definition of prohibited sexual conduct includes the production of child
pornography.  A pattern of activity requires just two instances of engaging in
prohibited sexual conduct.  While the law is clear that applying § 4B1.5 is required
when calculating the base offense level, counsel submits that in this case, it in
effect is essentially double counting.  While the application of the section is
appropriate in calculating the base offense level, if the Court finds that it is

4

essentially double counting, it is also permissible to take that into account when determining whether a variance should be granted.  Compare U.S. v. Jacob, 631 F. Supp. 2d 1099 (N.D. Iowa 2009) (Bennett, J. discussing the applicability of U.S.S.G. § 4B1.5 in the context of U.S.S.G. § 2.2)

It is also important to make note of the background comments contained in U.S.S.G. § 4B1.5.  Specifically, the background comments state "this guideline applies to offenders whose instant offense and conviction is a sex offense committed against a minor **and** who present a continuing danger to the public." (Emphasis added.)   As the Court is aware, Mr. Riehl has been subjected to a psychosexual risk assessment by Dr. Laurie Guidry.  Dr. Guidry concluded that the defendant presents as a "low-moderate risk for sexual offense recidivism.  Further, that he does not present with factors consistent with those that would indicate he is at an elevated risk to re-offend by committing a contact sexual offense.  I would further opine that in the context of appropriately targeted treatment, his risk for sexual re-offense by virtue of committing an online sexual offense would be reduced, particularly treatment that is aware of and responsive to Mr. Riehl's clinical picture."  (Guidry Report, P. 19)  It should also be noted that Mr. Riehl engaged in appropriate treatment almost immediately after his arrest.  He attended regular weekly sessions for approximately a year at RTT Associates.  His motivation to understand what happened and to make sure it does not happen again is clear.  Therefore, this Court should find that based on the evidence before it, U.S.S.G. § 4B1.5 is not a necessary enhancement on the base offense level as Mr. Riehl does not appear to be a present or continuing danger to the public.  A

5

variance based in part on this factor is appropriate.

3.   18 U.S.S.C. § 5553 Factors

Pursuant to 18 U.S.C. § 3553(a)(1), the nature and the circumstances of the offense as well as the history and characteristics of the defendant are to be considered in imposing sentence.  The goal of sentencing is to devise a sentence that is "sufficient, but not greater than necessary," to serve all of the purposes set forth in 18 U.S.C. § 3553(a).  The principles of § 3553(a) dictate "that a sentence should be no higher than needed to meet statutory goals."  United States v. Scherrer, 444 F.3d 91, 95 (1st Cir. 2006), *cert. denied* 127 S.Ct. 927 (2007).  *See also,* United States v. Kimbrough, 128 S.Ct. 558, 570 (2007) (holding that § 3553(a), "as modified by Booker, contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing . . .").

United States v. Booker, 543 U.S. 220, 126. S.Ct. 738 (2005), authorizes this Court to impose a non-guideline sentence.  Although the sentencing process must commence with a guideline calculation, the United States Sentencing Guidelines are merely advisory and district courts are required to consider all of the factors listed in 18 U.S.C. § 3553(a) in imposing sentence.  Gall v. U.S., 128 S.Ct. 586, 596-97 (2007); Booker, 543 U.S. at 262; United States v. Martin, 520 F.3d 87, 91 (1st Cir. 2008) ("A district court should begin its sentencing analysis with the advisory guidelines calculation, then its next steps should include hearing argument from parties as to the proper sentence in a particular case, weighing the applicability of the sundry factors delineated in 18 U.S.C. § 3553(a), reaching an

6

ultimate sentencing determination and explicating that decision on the record.")

(*citing* <u>Gall</u>, 128 S.Ct. at 596-97).

Section 3553(a) directs sentencing courts to consider a number of factors,

*inter alia*:

> 1)  The nature and circumstances of the offense and the history and characteristics of the defendant;
>
> 2)  The need for the sentence imposed –
>
>> (A)  to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;
>>
>> (B)  to afford adequate deterrence to criminal conduct;
>>
>> (C)  to protect the public from further crimes of the defendant; and
>>
>> (D)  to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.  *Id.*

The importance of and rationale for the post-<u>Booker</u> and <u>Gall</u> sentencing

procedure described above has been summarized by the First Circuit Court of

Appeals as follows:

> This sequencing necessitates a case-by-case approach, the hallmark of which is flexibility.  In the last analysis, a sentencing court should not consider itself constrained by the guidelines to the extent that there are sound, case-specific reasons for deviating from them.  Nor should a sentencing court operate in the belief that substantial variances from the guidelines are always beyond the pale.  Rather, the court 'should consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.'  <u>Martin</u>, 520 F.3d at 91 (*citing* <u>Gall</u>, 128 S.Ct. at 598).

Trial courts must give the Guidelines "respectful consideration" in

determining a proper sentence and must give "serious consideration to the extent

of any departure from the Guidelines," <u>United States v. Gall</u>, 128 S.Ct. 586 (2007).

As the Supreme Court held in <u>Gall</u>, a defendant need not prove "extraordinary circumstances" for a non-guidelines sentence.  <u>Gall</u>, at 595.  Thus, while the Guidelines range is "the starting point and the initial benchmark," a sentencing court "may not presume that the Guidelines range is reasonable," and must instead consider all of the statutory sentencing factors to determine whether a non-guideline sentence is appropriate. <u>Gall</u>, at 596-597.  "[A]fter <u>Gall</u>, the sentencing inquiry - once the Court has duly calculated a GSR - ideally is broad, open-ended, and significantly discretionary."  <u>United States v. Vega-Santiago</u>, 519 F.3d 14, 20 (1st Cir. 2008) (*En Banc*).  "At that point, sentencing becomes a judgment call and a variant sentence may be constructed 'based on a complex set of factors whose interplay and precise weight cannot even be precisely described.'"  *Id* at 19.

The defendant's background and personal characteristics are detailed in depth in the Presentence Report as well as Dr. Guidry's report and need not be repeated here.

The variant sentenced proposed by the defendant is appropriate for the following reasons:

1.  The defendant is young and immature for his age;

2.  The defendant has no prior contact with law enforcement much less any criminal history;

3.  The commission of the offense by the defendant was related at least in part to his struggle regarding his own sexual orientation;

4.  The defendant has demonstrated a willingness to undergo treatment to address the underlying causes of his behavior;

5. The mandatory minimum 15 year sentence is an effective deterrent to the public as well as the defendant himself;

6. The defendant's conduct did not involve actual physical contact with a minor (counsel and the defendant are not trying to minimize the defendant's conduct, however, the Court must take into account a broad range of offenders in determining the appropriate sentence and physical contact or attempted physical contact certainly is a distinguishing factor);

7. A sentence of 180 months is sufficient to protect the public from further crimes of the defendant;

8. Because there is a mandatory minimum, there is ample time for the defendant to receive relevant treatment while incarcerated. It is not necessary to give a sentence longer than the requested variance in order to accomplish any treatment needs;

9. The defendant will be on supervised release for an extended period of time pursuant to the Court's sentence;

10. The defendant's punishment includes having to register as a sex offender for the rest of his natural life;

11. The defendant has excellent family support increasing the likelihood of a successful reintegration into society at the conclusion of his stand committed sentence; and

12. The defendant will have a felony conviction for the rest of his life which carries innumerable collateral consequences, a fact that has finally gained acceptance within the criminal justice community.

## <u>REGISTRATION</u>

Mr. Riehl will have to register as a sex offender for the remainder of his life. While many would say that registration is a ministerial task that becomes routine, that is simply not true. The requirement to register is a life-long punishment. In reality, there is no finality to the punishment portion of whatever sentence the Court imposes. There is nothing the Court can do about this aspect of his punishment. It will occur by operation of law. However, the Court may consider

this lifelong requirement when contemplating the overall punishment and deterrence factors in determining the ultimate period of incarceration.

### CONCLUSION

It is well settled that the purpose of sentencing is not just to establish the correct punishment for a defendant.  Of course, any individual who violates the law needs to  receive some appropriate form of punishment.  The Court must also factor in the need to deter the individual, deter the public at large, protect the public and what rehabilitation is appropriate and available for the individual.  At the end of the day, the Court is sentencing an individual and the characteristics of the offense and the individual should dictate the appropriate sentence.

Matt Riehl has accepted responsibility for his crime.  He stands a very good chance of successfully re-establishing himself in his community when he is released from incarceration.  His supervised release conditions will help that transition as well as provide for appropriate monitoring.  The request for a variance to a 180 month sentence is a reasonable request and reflects a proposed sentence that is sufficient, but not greater than necessary, to effectuate the purposes of the sentencing statute.  Mr. Riehl respectfully requests the Court impose a 180 month sentence with a ten year term of supervised release.

No memorandum of law is filed with this sentencing memorandum as all relevant authorities are contained herein.

DATED: January 22, 2018                    Respectfully submitted,

                                           Matthew Riehl
                                           By His Attorney,


                                           _____
                                           Philip H. Utter, Bar #2603
                                           Green & Utter, P.A.
                                           764 Chestnut Street
                                           Manchester, NH 03104
                                           (603) 669-8446


## CERTIFICATE OF SERVICE

        I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 22nd day of January, 2018.

                                           */s/Philip H. Utter, Esq.*
                                           Philip H. Utter