# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                      ) | 1:17-cr-00149-01-JD |
| ) | |
| MATTHEW RIEHL                           ) | |
| _____ ) | |

## ADDENDUM TO "RESPONSE AND OBJECTION TO DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE," Docket #13

The defendant has urged the Court to consider the two 5 level enhancements pursuant to USSG §3D1.2 through §3D1.4 and §4B1.5 to be double counting because they each are relate to the same victims. The government has argued that to apply both is not double counting because, although the two enhancements are associated with the same victims, they address separate harms.

This Addendum is filed to bring to the Court's attention, United States v. Arsenault, 833 F.3d 24 (1st Cir. 2016), a child pornography case which addressed and rejected the same double counting argument. That Court noted, "[t]he total combined offense level was properly calculated by taking the highest adjusted offense level (50), adding 3 levels pursuant to USSG § 3D1.4 for the combined offenses, adding 5 levels pursuant to USSG § 4B1.5(b)(1) because Arsenault committed a sex crime and was not a career offender, and subtracting 3 levels for acceptance of responsibility." Id. at 29. The Arsenault Court, while addressing the defendant's challenge to several enhancements, including, the assessment of a 5 level enhancement pursuant to USSG §4B1.5(b)(1) and a 3 level enhancement pursuant to USSG §3D1.4 (Arsenault had fewer victims and therefore his §3D1.4 enhancement was less) as double counting, held, in relevant part:

[w]e have held that where "neither an explicit prohibition against double counting nor a

compelling basis for implying such a prohibition exists, clearly indicated adjustments for seriousness of the offense and for offender conduct can both be imposed, notwithstanding that the adjustments derive in some measure from a common nucleus of operative facts." United States v. Reyes–Rivera, 812 F.3d 79, 88 (1st Cir. 2016) (quoting United States v. McCarty, 475 F.3d 39, 46 (1st Cir. 2007)). As for the contested enhancements, we are doubtful that they constitute double counting at all. But even if we assume that they do, Arsenault's claims still fail. …

United States v. Arsenault, 833 F.3d at 31.

Here, as in Arsenault, there is no double counting, and as in Arsenault, if there were, since there are no explicit prohibitions, both of the two 5 level enhancements should be applied.

January 30, 2018                                           Respectfully submitted,

                                                           John J. Farley
                                                           Acting United States Attorney

                                                     By:   /s/ Arnold H. Huftalen
                                                           Arnold H. Huftalen
                                                           Assistant U.S. Attorney
                                                           NH Bar #1215
                                                           53 Pleasant St., 4th Floor
                                                           Concord, NH 03301
                                                           (603) 225-1552
                                                           arnold.huftalen@usdoj.gov

                              Certificate of Service

I certify that a copy of this Addendum to Response and Objection has been served upon defense counsel, via ECF filing notice this date.

                                                           /s/ Arnold H. Huftalen
                                                           Assistant U.S. Attorney